IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY D. LOVETT,              ) | |
|                                              ) | |
|           Petitioner/Defendant,   ) | |
|                                              ) | CIVIL NO. 10-cv-448-DRH |
| vs.                                        ) | |
|                                              ) | CRIMINAL NO. 07-cr-3009 |
| UNITED STATES of AMERICA, ) | |
|                                              ) | |
|           Respondent/Plaintiff.     ) | |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255.

Petitioner pleaded guilty, with the benefit of a written plea agreement, to multiple drug offenses involving crack cocaine and cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 18, 2009, Petitioner was sentenced as a career offender to 276 months imprisonment, 10 years supervised release, a $400 special assessment, and a fine of $1,000. Petitioner sought a direct appeal concerning his sentence, but the appeal was dismissed as untimely. *United States v. Lovett*, No. 09-2802 (7th Cir. Jan. 20, 2010)..

In his § 2255 motion, Petitioner raises multiple grounds of ineffective assistance of counsel. The § 2255 motion includes a claim that the portion of his plea agreement waiving his appeal and collateral relief rights should be severed from the plea agreement because Petitioner agreed to the waiver unknowingly and unintelligently due to the ineffective assistance of his trial counsel.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:** August 9, 2010

                              /s/    DavidRHerndon
                               **DISTRICT JUDGE**